BISCHOFF, J.
The defendant, in July, 1895, obtained from the plaintiff a bicycle, under an agreement which was in form a lease of the chattel, providing for payment of $10 upon the 20th day of each month thereafter, the plaintiff agreeing to give a bill of sale to the defendant when 10 such payments should have been made, title to remain in thé plaintiff meanwhile, and the whole sum to be due at once upon any one default on the defendant’s part. Without objection, and by ample evidence, a contemporaneous oral agreement upon the part of the plaintiff to keep the machine in repair for one year was shown at the trial, and while there was a conflict of testimony upon the point, we take the fact to have been determined favorably to the defendant. The payments due in July and August were made, but the-installment for the 20th of September was at no time met. The bicycle was manufactured by the Overman Company, and was by the latter delivered upon the plaintiff’s order to the defendant, who, prior to some unspecified date in August, 1895, had taken it for repairs to the manufacturer, with the knowledge of the plaintiff, and these repairs were made without charge, except in one instance, when the sum •of $4.50 was demanded by such manufacturer, the Overman Com.pany, and paid by the defendant. There 'is no evidence, however 'that the plaintiff acquiesced in this payment, or assumed in any way, even inferentially, to reimburse the defendant for sums expended in repairs. Whatever course of dealing was shown was ,one whereby the Overman Company was to repair without charge .to the defendant, and that this was the understanding of the latter appears from his taking the machine for repairs thereafter directly *116 to the plaintiff, the party who had agreed to make them. After default of the September payment, the defendant sent the rear wheel of the bicycle to the plaintiff for some further repairs, but the latter retained it, and one of its agents, on the 18th day of October, called upon the defendant, and offered a return of the wheel should the payments for September and October be then made. To this the defendant answered that he would pay $5.50/ claiming the right to deduct the payment made to the Overman Company for repairs, and insisting that the October payment was not then due, which, indeed, it was not. Thereafter, on the Slst day of October, demand was made for the return of the bicycle, and upon the defendant’s refusal, this action for its conversion was brought. From the above facts it appears that the defendant was in default of the September payment, and that the plaintiff was entitled to recover at least the value of its property which the defendant retained without right, by the terms of the agreement, after demand. Assuming that the plaintiff’s agent had authority to waive this default, there is no evidence that it was waived, since the offer to return the portion of the machine retained by the plaintiff upon condition that the October payment be made before it was due was in fact the tender of a new agreement, based upon a consideration which was refused, and the fact of the default was left unaffected. Moreover, apart from the defendant’s contractual duty to have made the September payment at the plaintiff’s office, upon the date specified, in which duty he failed, his readiness thereafter to pay $5.50 instead of $10 did not absolve him from his default, since the latter sum was, upon the evidence, fully due to the plaintiff. Sufficient evidence,which could not be arbitrarily discredited, appeared in support of some value in the chattel which the defendant retained, and the judgment against the plaintiff was upon the facts unauthorized.
Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.